UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------

In re:

    BuddyUSA, Inc.                          Dist Ct. Case No. 1:03-CV-1038
                                                                                                           (LEK)

                      Debtor.
----------------------------------

In re:

    AbovePeer, Inc.                        Dist. Ct. Case No. 1:03-CV-1039
                                                                                                           (LEK)

                      Debtor.
----------------------------------

## MEMORANDUM-DECISION AND ORDER

By Orders dated July 8 and July 16, 2003, the United States Bankruptcy Court for the Northern District of New York (*Littlefield, B.J.*) found that certain actions taken to enforce a preliminary injunction granted by the United States District Court for the Northern District of Illinois did not violate the bankruptcy automatic stay or the Bankruptcy Court's order lifting the automatic stay. John Deep ("Deep") appeals the determination that the actions taken in the Northern District of Illinois did not violate the automatic stay.

### I. FACTS

In 2001, numerous cases filed by and against Deep, BuddyUSA, Inc., and AbovePeer, Inc. (BuddyUSA, Inc. and AbovePeer, Inc. are hereinafter referred to as the "Corporate Debtors") were consolidated in the United States District Court for the Northern District of Illinois. Those actions related to allegations of copyright infringement by the Corporate Debtors' operation of computer based file-trading services. In December 2001, certain of the plaintiffs in that litigation moved to enjoin Deep and the Corporate Debtors from

continuing to operate the file-trading service. Before the Northern District of Illinois issued a decision on the motion for injunctive relief, Deep and the Corporate Debtors filed for bankruptcy in this District. By virtue of these filings, the proceedings in the Northern District of Illinois were automatically stayed.

On June 18, 2002, the Bankruptcy Court lifted the automatic stay for the purposes of permitting the litigants in the copyright action to "request the... Court to issue its decision on the pending preliminary injunction motion... and enforce any of its terms provided they are consistent with the terms of this Order and the provisions of Title 11." In re Deep, 279 B.R. 653, 660 (Bankr. N.D.N.Y. 2002) (Littlefield, B.J.). In September 2002, the Northern District of Illinois granted the motion for preliminary injunctive relief. Thereafter, Deep and the Corporate Debtors moved to reinstate the automatic stay, seeking to stay the preliminary injunction. On December 6, 2002, the Bankruptcy Court denied the motion. The Bankruptcy Court concluded that the actions taken by the Northern District of Illinois were "within the parameters of this court's earlier order entered June 18, 2002." See In re BuddyUSA, Inc., No. 02-11755 (Dkt. No. 59) (Bankr. N.D.N.Y. Dec. 6, 2002) (Littlefield, B.J.). Deep then moved this Court for a stay pending appeal of the Bankruptcy Court's December 6, 2002 Order. This Court denied the motion finding that "[t]he rulings that Judge Aspen [of the Northern District of Illinois] has made subsequent to the issuance of the preliminary injunction appear to be aimed at enforcing the terms of the preliminary injunction. Those rulings do not seem to be inconsistent with the terms of the June 18 Order or the provisions of Title 11." In re Deep, 288 B.R. 27, 30 (N.D.N.Y. 2003) (Kahn, D.J.).

In February 2003, Deep voluntarily discontinued his personal bankruptcy petition. The Corporate Debtors' bankruptcy petitions were converted to Chapter 7 proceedings. Trustees were appointed to represent the interests of the Corporate Debtors.

On April 15, 2003, the Northern District of Illinois Ordered the defendants in that action (which consisted of Deep and the Corporate Debtors) to pay $103,850.54 in attorneys fees and costs and a $5,000.00 fine. In re Aimster Copyright Litig., No. 01 C 8933, 2003 WL 2002764 (N.D. Ill. Apr. 15, 2003). In June 2003, the Corporate Debtors moved for reconsideration or clarification of the Bankruptcy Court's December 6, 2002 Order. On July 7, 2003, Deep moved to revoke his voluntary discontinuance of his bankruptcy petition. Deep asked the Bankruptcy Court to reinstate the bankruptcy proceedings so that it could rule that the April 14, 2003 Order of the Northern District of Illinois exceeded the scope of the Bankruptcy Court's June 18, 2002 Order lifting the automatic stay. After hearing oral argument, on July 8, 2003, the Bankruptcy Court granted the motion for clarification and denied Deep's motion to revoke the order of dismissal of his bankruptcy petition. The Bankruptcy Court again concluded that the action taken in the Northern District of Illinois did not violate the automatic stay. Deep's challenge to the July 8 oral decision and the July 16 written order concerning the July 8 oral decision were affirmed in an oral ruling made by this Court on July 22, 2003.

By Memorandum-Decision and Order dated August 26, 2003, this Court affirmed the Bankruptcy Court's December 6, 2002 order finding that the actions taken in the Northern District of Illinois did not violate the automatic stay and were in accordance with Title 11 and the partial lifting of the automatic stay. This Court's August 26, 2003 Decision and Order was

affirmed by the Second Circuit.  <u>Deep v. Copyright Creditors</u>, 122 Fed. Appx. 530, 532 (2d Cir. 2004).

Deep now appeals the Bankruptcy Court's July 8 and July 16 Orders finding that there was no violation of the automatic stay by virtue of the enforcement of the preliminary injunction in the Northern District of Illinois.

## II. STANDARD OF REVIEW

The standard of review applicable to the decision of a bankruptcy court depends upon whether the appeal is premised upon a finding of fact or a conclusion of law.  With regard to findings of fact, Rule 8013 of the *Federal Rules of Bankruptcy Procedure* provides, in pertinent part, that the bankruptcy court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous...." FED. R. BANKR. P. 8013.  A bankruptcy court's conclusions of law, on the other hand, are subject to de novo review on appeal.  <u>In re Ionosphere Clubs, Inc.</u>, 922 F.2d 984, 988-89 (2d Cir. 1990).  <u>See also</u> <u>In re Bennett Funding Group, Inc.</u>, 146 F.3d 136, 138 (2d Cir. 1998).  Because the present appeal presents an issue of law, the Court will undertake de novo review.

## III. DISCUSSION

As noted, Deep appeals the July 8 and July 16 Orders of the Bankruptcy Court finding that the actions taken in the litigation in the Northern District of Illinois did not violate the automatic stay.  Deep argues that the Bankruptcy Judge made this ruling *sua sponte* without affording him an opportunity to be heard.

As an initial matter, this appeal is not properly before the Court.  The bankruptcy proceedings at issue in this appeal involve only the two corporate debtors - AbovePeer, Inc.

and BuddyUsa, Inc.[1]  It is well-settled that corporations may not appear *pro se* and that non-lawyers may not represent a corporation in court.  See Grace v. Bank Leumi Trust Co. of New York, 443 F.3d 180, 192 (2d Cir. 2006); Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (2d Cir. 2001) (noting that a corporation can only appear with counsel and that a corporate officer may not represent a corporation *pro se*); Powerserve Int'l Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001).  The instant appeals were filed, and have been prosecuted, by Deep.  Deep is not an attorney and, thus, is not able to represent the corporate debtors.  For this reason, the appeal must be dismissed.

Even assuming the appeal is properly before the Court, Deep's argument, and the instant appeal, are, nevertheless, without merit.  Both this Court and the Second Circuit have addressed the propriety of the injunction and enforcement actions taken in the Northern District of Illinois in light of the automatic stay and the Bankruptcy Court's June 2002 Order lifting the automatic stay.  The Second Circuit held that the actions taken in the Northern District of Illinois were "precisely" that which was permitted by the Bankruptcy Court's June 2002 order.  Deep v. Copyright Creditors, 122 Fed. Appx. at 532.  The Second Circuit stated: "The language of the [June 2002] order gave the [Northern District of Illinois]... sufficient discretion to enforce its own injunction, and there is nothing in the record to suggest that... [that] court exceeded the scope of the June 2002 order.  The bankruptcy court, which was in the best position to interpret its own order, properly noted that its June 2002 '[o]rder was

---

[1] It will be recalled that Deep moved to voluntarily dismiss his bankruptcy petition.  This motion was granted by the Bankruptcy Court.  Deep's later efforts to reinstate his petition were denied by the Bankruptcy Court.  Deep did not appeal the denial of his efforts to reopen his petition.

clear that Judge Aspen [of the Northern District of Illinois] ha[d] the discretion and authority, as any Judge should[ ], to enforce [h]is or her own orders as they deem appropriate.'" Id.

Deep's current appeal is merely an attempt at circumventing the prior decisions of the Bankruptcy Court, this Court, and the Second Circuit Court of Appeals. Try as he might, Deep cannot escape the fact that the Second Circuit has held that the enforcement actions in the Northern District of Illinois did not violate the June 2002 Order of the Bankruptcy Court. The corollary to this holding is that the enforcement actions in the Northern District of Illinois were not in violation of the automatic stay. Having already litigated these issues, Deep is precluded from raising these issues again.

Moreover, contrary to Deep's argument, the Bankruptcy Court did not act *sua sponte*. The issue of whether there was a violation of the automatic was squarely before the Bankruptcy Court. Deep was afforded an opportunity to be heard on the issue. See In re BuddyUSA, Inc., No. 02-11755 (Dkt. No. 119, exhibit annexed thereto) at 43-45, 49. It will be recalled that Deep was before the Bankruptcy Court in July 2003 on his motion to revoke his voluntary discontinuance of his bankruptcy petition. Deep sought to reinstate the bankruptcy proceedings so that he could persuade the Bankruptcy Court to rule that the April 15, 2003 Order of the Northern District of Illinois exceeded the scope of the Bankruptcy Court's June 18, 2002 Order lifting the automatic stay. In other words, the very purpose for Deep's motion to vacate the order dismissing his bankruptcy action was to challenge the enforcement actions in the Northern District of Illinois as in contravention of the automatic stay. In denying the motion to vacate, the Bankruptcy Court explicitly found that the Northern District of Illinois did not violate the automatic stay and acted within the boundaries of the June 2002 Order.

Moreover, it is evident from the record that Deep specifically raised the issue of a violation of the automatic stay by requesting compensatory damages for a violation of the stay. Id. at 49. Further, rather than objecting to the Bankruptcy Court's having ruled on the issue of whether there was a violation of the automatic stay, Deep specifically stated at the June 2003 hearing before the Bankruptcy Court that he was "grateful" for the court going beyond his motion to vacate the order of dismissal and "provid[ing] a ruling on the substantive issue of whether there [was] a violation of the stay from the enforcement proceedings that began on November 20th." Id. at 51. Accordingly, Deep's argument in this regard is without merit.

To the extent that Deep argues that the stay was violated because his former lawyers, Boies Schiller, failed to disclose a conflict of interest, thereby perpetrating a fraud on the Bankruptcy Court, this issue was decided against him by the District of Maine in In re Compact Disc Minimum Advertised Price Antitrust Litig., 456 F. Supp. 2d 131, 141-42 (D. Me. 2006). That Court found that Deep's allegations of a conflict of interest do not demonstrate a fraud on the Court. Id. This Court agrees. In any event, Deep did not raise this issue below and, more importantly, fails to explain how any alleged conflict of interest between him and his lawyers was likely to implicate the Bankruptcy Court's decision that the enforcement actions in the Northern District of Illinois did not violate the automatic stay. The Court has reviewed Deep's other arguments and finds them to be without merit.

## IV. CONCLUSION

Therefore, for the foregoing reasons, it is hereby

**ORDERED**, that Deep's appeals in the above-referenced actions are **DENIED** and **DISMISSED**, and the Orders of the United States Bankruptcy Court for the Northern District of New York are **AFFIRMED**; and it is further

**ORDERED**, that the Clerk serve copies of this Order upon the parties to this action.

**IT IS SO ORDERED**.

DATED: March 2⁄, 2007
Albany, New York

_____
HONORABLE LAWRENCE E. KAHN
United States District Judge