UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

IN RE BUDDYUSA, INC.

                                                  1:03-CV-1038 (LEK)

        Debtor,

IN RE ABOVEPEER, INC.

                                                  1:03-CV-1039 (LEK)

        Debtor.

## MEMORANDUM-DECISION AND ORDER

On March 29, 2007, this Court issued a Memorandum-Decision and Order denying John A. Deep's ("Deep") appeal of Orders issued by the United States Bankruptcy Court for the Northern District of New York ("the Bankruptcy Court") on July 8, 2003 and July 16, 2003 and dismissing the above-captioned actions. Dkt. No. 25. On April 12, 2007, Deep, purportedly acting in his personal capacity as a party in interest in the instant bankruptcy cases, filed a Motion for rehearing and a Motion to reopen the case pursuant to Federal Rule of Bankruptcy Procedure 8015. Case No. 1:03-CV-1038, Dkt. No. 29; Case No. 1:03-CV-1039, Dkt. No. 27. For the reasons that follow, this Motion is denied.

**I.    BACKGROUND**

The Court assumes the parties' familiarity with the factual circumstances and procedural history of this case. For the background of the instant Motion, reference should be made to this Court's March 29, 2007 Memorandum-Decision and Order. Dkt. No. 25 at 1-4.

## II.     STANDARD OF REVIEW

Federal Rule of Bankruptcy Procedure 8015 states in part, "a motion for rehearing may be filed within ten days after entry of the judgment of the district court or the bankruptcy appellate panel." FED. R. BANKR. P. 8015. Given that Rule 8015 is silent as to the standard for granting such motions, courts in this circuit have incorporated the standard set forth in Federal Rule of Appellate Procedure 40(a) from which Rule 8015 is derived. See Mellon Bank, N.A.v. United States Trustee (In re Victory Markets, Inc.), No. 95-CV-1619, 1996 WL 365675 at *1 n.1 (N.D.N.Y., June 21, 1996) (citing In re Wingspread Corp., 186 B.R. 803, 807 (S.D.N.Y.1995)); see also Oren v. Kass, No. CV-04-4297, 2005 WL 2859964 (E.D.N.Y., Nov. 1, 2005).

Appellate Rule 40(a) states, in relevant part, "[t]he petition must state with particularity the points of law or fact which in the opinion of the petitioner the court has overlooked or misapprehended and must contain such argument in support of the petition as the petitioner desires to present." FED. R. APP. P. 40(a). "The function of a petition for rehearing is not to permit the petitioner to reargue his case; to attempt to do so would be an abuse of the privilege of making such a petition." State of New York v. Sokol, No. 94-CV-7392, 1996 WL 428381 at *4 (S.D.N.Y. July 31, 1996); see also In re AppOnline.com, Inc., 321 B.R. 614, 627 (E.D.N.Y. 2003). Rather, "[t]he purpose of a petition for rehearing is 'to direct the court's attention to some material matter of law or fact which it has overlooked in deciding the case, and which, had it been given consideration, would probably have brought about a different result.'" In re Spiegel, Inc., Nos. 03-11540, 06-CV-13477, 2007 WL 2609966 at *1 (S.D.N.Y., Aug. 22, 2007) (quoting Sokol,1996 WL 428381 at *4). As a result, "neither new evidence nor new arguments are considered valid bases for Rule 8015 relief." In re Spiegel, Inc., 2007 WL 2609966 at *1 (citing U.S. v. Quiroz, 22 F.3d 489, 490-91 (2d

Cir. 1994); BCORP-HRT, LLC v. Lobb, 66 F. App'x. 164, 167 (10th Cir. 2003)).

**III.     DISCUSSION**

Deep's Motion for rehearing is premised on three purported misapprehensions of fact and law by this Court. See generally Mot. for rehearing (Dkt. No. 29). Deep first alleges that the Court failed to consider his standing to appeal personally as a party in interest to the instant bankruptcy cases. Id. at 3-4. Deep also asserts that the Court misapprehended the content of prior court rulings; specifically, he contends, that neither this Court nor the Second Circuit have previously heard the issue of whether the Northern District of Illinois' grant of preliminary injunctive relief enjoining Deep, BuddyUSA, Inc., and Abovepeer, Inc. from continuing to operate their file-trading service was a violation of the automatic stay. Id. at 4-5. Finally, Deep asserts that the Court misconstrued the legal significance and applicable pleading requirements of the alleged misconduct of Appellant's former lawyers, and that evidence was not brought before the Court because of these attorney's alleged fraud upon the court, which resulted "in a pattern of non-disclosure in the bankruptcy court, thereby misleading the bankruptcy court." Id. at 6-14.

Deep's contentions are without merit and provide no cause for a rehearing. First, the Court clearly considered and correctly ruled that Deep does not have standing as he "is not an attorney and, thus, is not able to represent the corporate debtors." Dkt. No. 25 at 5. In the instant Motion, as in the prior appeal, the issues addressed involve only BuddyUSA, Inc. and Abovepeer, Inc. Deep is not a party and cannot avoid the well-settled law that corporations may not appear *pro se* and non-lawyers may not represent a corporation in an action, see, e.g., Grace v. Bank Leumi Trust Co. of New York, 443 F.3d 180, 192 (2d Cir. 2006); Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172

(2d Cir. 2001); Powerserve Int'l Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001), by assuming a party in interest role.  Moreover, as noted above, in considering whether to grant a motion for rehearing a court need only consider an issue of fact or law "which, had it been given consideration, would probably have brought about a different result."  Sokol,1996 WL 428381 at *4.  In its March 29, 2007 Order, the Court clearly stated "[e]ven assuming the appeal is properly before the Court, Deep's argument, and the instant appeal, are, nevertheless, without merit."  Dkt. No. 25 at 5.

Second, contrary to Deep's assertion, this Court considered and found that it and the Second Circuit had made prior determinations that the Northern District of Illinois' grant of preliminary injunction was not a violation of the automatic stay instigated by the bankruptcy petitions.  This Court, the Second Circuit, and the Bankruptcy Court all determined that the preliminary injunction was proper.  See, e.g., In re BuddyUSA, Inc., No. 02-11755 (Dkt. No. 59) (Bankr. N.D.N.Y. Dec. 6, 2002) ("this court determined that Judge Aspen [of the Northern District of Illinois] was within the parameters of this court's earlier order of June 18, 2002," see In re Deep, 279 B.R. 653, 660 (Bankr.N.D.N.Y.2002) (lifting the automatic stay "for the limited purpose of permitting them to request the MDL Court to issue its decision on the pending preliminary injunction motion")); In re Deep, 288 B.R. 27, 30 (N.D.N.Y. 2003) (Kahn, *J.*) ("The rulings that Judge Aspen has made subsequent to the issuance of the preliminary injunction appear to be aimed at enforcing the terms of the preliminary injunction. Those rulings do not seem to be inconsistent with the terms of the June 18 Order or the provisions of Title 11."); Deep v. Copyright Creditors, 122 F. App'x. 530, 532 (2d Cir. 2004) (affirming this Court's ruling in In re Deep, 288 B.R. 27, and finding the "bankruptcy court did not abuse its discretion by determining, twice, that the MDL court's enforcement of its injunction . . . had not violated the bankruptcy court's June 2002 order.").  Thus, contrary to Deep's

assertion, this Court and the Second Circuit have "hear[d] the issue of the violation of the stay" and have determined no violation occurred. Mot. for rehearing (Dkt. No. 29) at 4.

Deep asserts that the Second Circuit did not consider the issue of the entry of the preliminary injunction, but rather only considered the issue of its enforcement. Mot. for rehearing (Dkt. No. 29) at 5. This claim is without merit and, therefore, could not have brought about a different result in the prior appeal. In fact, the Second Circuit explicitly noted that Deep would be collaterally estopped from challenging the entry of the preliminary injunction as "the Seventh Circuit has already decided that the injunction was properly entered." Deep v. Copyright Creditors, 122 F. App'x. 530, 532 (citing In re Aimster Copyright Litig, 334 F.3d 643, 648-56 (7th Cir. 2003); other citations omitted). Thus, Deep has not and cannot support his contention that the Court's March 29, 2007 Order contained legal or factual oversights as to this issue.

Finally, Deep contends that this Court did not adequately consider the significance of his former attorneys' alleged failure to disclose conflicts of interest, which, he claims, constituted fraud upon the Bankruptcy Court. The Court, however, did consider this allegation in its March 29, 2007 and agreed with the decision announced in In re Compact Disc Minimum Advertised Price Antitrust Litig., 456 F. Supp. 2d 131, 141-42 (D.Me. 2006), finding that no fraud upon the court occurred in the bankruptcy proceedings. Dkt. No. 25 at 7. Deep's attempt to re-litigate his earlier arguments is not proper for a motion for rehearing. Sokol,1996 WL 428381 at *4. Moreover, Deep's assertions would not affect the Court's determination, as he neither raised this issue prior to his appeal, nor does he now explain how it would affect the Bankruptcy Court's determination that the Illinois court's grant of a preliminary injunction was appropriate.

5

IV.     **CONCLUSION**

Based on the foregoing discussion, it is hereby

**ORDERED**, that John Deep's Motion for rehearing (Case No. 1:03-CV-1038, Dkt. No. 29) is **DENIED**; and it is further

**ORDERED**, that John Deep's Motion to reopen the case (Case No. 1:03-CV-1039, Dkt. No. 27) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:      April 19, 2010
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge